1
2
3
4
5   UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAGDALENO GALLEGOS,                 )
                                    )
            Petitioner,             )        3: 09-cv-0459-ECR-VPC
                                    )
vs.                                 )
                                    )        **ORDER**
STATE OF NEVADA, *et al.,*           )
                                    )
            Respondents.            )
_____/

        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*.  The case is before the court for resolution of respondents' motion to dismiss.  Petitioner opposes the motion.

                      **PROCEDURAL HISTORY**

        On July 30, 2003, the Second Judicial District Court entered a judgment of conviction against petitioner pursuant to a jury verdict.  Exhibit 43.  Petitioner was found guilty of two counts of lewdness with a child under the age of fourteen years, and two counts of sexual assault on a child under the age of fourteen.  *Id*.  For the two counts of lewdness with a child under the age of fourteen years, petitioner was sentenced to two terms of life with the possibility of parole after ten years, to be served concurrently with one another.  *Id*.  For the two counts of sexual assault on a child under the age of fourteen, petitioner was sentenced to two terms of life with the possibility of parole after twenty years, to be served concurrently with one another and consecutively to the terms imposed for the lewdness convictions.  *Id*.

        On July 31, 2003, petitioner filed his notice of direct appeal.  Exhibit 46.  On June 14, 2004, the Nevada Supreme Court issued its order affirming petitioner's conviction.  Exhibit 68.  Remittitur issued on July 9, 2004.  Exhibit 69.

1    On May 17, 2005, petitioner filed his state petition for writ of habeas corpus in the Second

2  Judicial District Court.  Exhibit 75.  Counsel was appointed to represent petitioner in his post-

3  conviction proceedings.  Exhibit 77.  On April 17, 2007, petitioner's counsel filed a notice informing

4  the state court that no supplement to the petition for writ of habeas corpus would be filed.  Exhibit

5  80.

6    On April 3, 2006, while his post-conviction proceedings were pending in state court,

7  petitioner initiated a federal habeas action seeking relief on the same issues raised in his state action.

8  *See Gallegos v. State of Nevada*, 3:06-cv-00182-LRH-RAM.  On August 22, 2006, the United States

9  District Court for the District of Nevada dismissed petitioner's action without prejudice due to lack

10  of exhaustion.  *Id*. at Docket #13.

11    On May 16, 2007, without holding an evidentiary hearing, the state district court entered an

12  order denying petitioner's petition.  Exhibit 83.  Petitioner filed a notice of appeal on June 11, 2007,

13  and a *pro se* opening brief on October 16, 2007.  Exhibits 88 and 103.  Counsel was appointed to

14  represent petitioner on appeal.  Exhibits 104, 105 and 106.  Appointed counsel filed an opening brief

15  on September 4, 2008.  Exhibit 113.  The Nevada Supreme Court issued its notice of affirmance on

16  July 31, 2009.  Exhibit 116.  Remittitur issued on August 25, 2009.  Exhibit 117.

17    This court received petitioner's federal petition for writ of habeas corpus on August 18, 2009.

18  (Docket #1.)[1]  Respondents filed their motion to dismiss on April 5, 2010.  (Docket #19.)  Petitioner

19  filed his opposition to the motion on April 22, 2010, to which respondents filed a reply on May 3,

20  2010.  (Docket #25, #26.)

21                                   **LEGAL STANDARD**

22    The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

23  _____

24    [1]On page three of his petition, petitioner sets forth a claim for relief identified as ground one.

25  That ground for relief is identified hereinafter as ground (1)(a).  On page eight of the petition, petitioner

26  sets forth another claim for relief identified as ground one.  That claim is identified hereinafter as ground

(1)(b).

2

1  provides the legal standard for the Court's consideration of this habeas petition:

2          An application for a writ of habeas corpus on behalf of a
3  person in custody pursuant to the judgment of a State court shall not be
   granted with respect to any claim that was adjudicated on the merits in
   State court proceedings unless the adjudication of the claim –

4          (1) resulted in a decision that was contrary to, or involved an
5  unreasonable application of, clearly established Federal law, as
   determined by the Supreme Court of the United States; or

6          (2) resulted in a decision that was based on an unreasonable
7  determination of the facts in light of the evidence presented in the
   State court proceeding.

8

9          The AEDPA "modified a federal habeas court's role in reviewing state prisoner

10 applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

11 given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state

12 court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

13 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

14 Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

15 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

16 different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

17 (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

18 694 (2002)).

19         A state court decision is an unreasonable application of clearly established Supreme Court

20 precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

21 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

22 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

23 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

24 than merely incorrect or erroneous; the state court's application of clearly established federal law

25 must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

26

1    In determining whether a state court decision is contrary to, or an unreasonable application of

2    federal law, this Court looks to the state courts' last reasoned decision.  *See Ylst v.*

3    *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

4    Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

5    Moreover, "a determination of a factual issue made by a State court shall be presumed to be

6    correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by

7    clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

8    **DISCUSSION**

9    Respondents move to dismiss this petition as mixed petition containing both exhausted and

10   unexhausted claims.  A petitioner who is in state custody and wishes to collaterally challenge his

11   conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

12   2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court

13   the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v.*

14   *Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518,

15   102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

16   In his currently pending federal habeas corpus petition, petitioner raises the following twelve

17   grounds for relief: (1)(a)  the reasonable doubt instruction given in this case impermissibly reduced

18   the state's burden of proof in violation of due process of law; (1)(b) petitioner was denied his rights

19   to a fair trial, to effective assistance of counsel, and to due process of law, by the failure of his

20   attorney to conduct required pretrial investigation of his defense and to present evidence and

21   witnesses at trial to establish his defense to the charges against him; (2) petitioner was denied his

22   rights to a fair trial, to effective assistance of counsel and to due process of law, when his attorney

23   failed to conduct required pre-trial investigation o f prior false accusations of sexual misconduct by

24   Marisol and/o Annalisa and to present evidence and witnesses at trial to prove those prior false

25   accusations; (3) petitioner was denied his rights to a fair trial, to effective assistance of counsel and

26   to due process of law, when trial counsel failed to effectively and meaningfully cross-examine and

4

impeach the credibility of Annalisa and Marisol and when he failed to effectively and meaningfully cross-examine and impeach the credibility of Annalisa and Marisol at trial; (4) petitioner was denied his rights to a fair trial, to effective assistance of counsel, and to due process of law, when his attorney failed to conduct required pre-trial investigation and to present relevant evidence at trial regarding the time and residence allegations contained in Count I of the Amended Information and to move for dismissal of that charge; (5) petitioner was denied his rights to a fair trial, to effective assistance of counsel and to due process of law when trial counsel failed to object to the length of delay in conducting the sexual assault examination of Annalisa, to the sexual assault examination being conducted out of state, to the failure of Nurse Wenck to meet all of the requirements of the California Penal Code when she conducted the sexual assault examination and to move for exclusion of all of the evidence pertaining to the sexual assault examination based on those objections; (6) petitioner was denied his rights to a fair trial, to effective assistance of counsel and to due process of law, when his attorney failed to object and move for exclusion of any evidence or testimony pertaining to the fact that Annalisa contracted chlamydia, or, in the alternative, to present evidence and witnesses establishing that petitioner had not contracted chlamydia; (7) petitioner was denied his rights to a fair trial, to effective assistance of counsel and to due process of law, when trial counsel failed/refused to conduct required pre-trial investigation through the use of expert witnesses and to present those experts at trial as defense witnesses; (8) petitioner was denied his rights to a fair trial, when trial counsel failed/refused to present defense witnesses at trial to support his defense; (9) petitioner was denied his rights to a fair trial, when trial counsel refused to permit petitioner to present his defense to the jury; (10) petitioner was denied his right to trial by jury, to effective assistance of counsel and to due process of law, when the court imposed a special sentence of lifetime supervision upon him without that punishment being charged in the Information or the Amended Information and without the factual determination of the facts necessary for the imposition of that punishment having been specifically determined by a jury; when his attorney failed to object to the imposition of a special sentence of lifetime supervision based upon the lack of notice and of a

1   trial by jury; and when his attorney failed to raise the issues on direct appeal of the lack of notice and

2   of a trial by jury on the facts essential for the imposition of a lifetime supervision sentence; and (11)

3   petitioner was denied his rights to a fair trial, to effective assistance of counsel and to due process of

4   law, by the cumulative errors of defense counsel during the course of the criminal proceedings.

5          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

6   full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v.*

7   *Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir.

8   1996).  A federal court will find that the highest state court was given a full and fair opportunity to

9   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

10  basis. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); *Kenney v.*

11  *Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

12  must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*,

13  513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).

14         Ground (1)(a), found at page 3 of the petition, was presented to the Nevada Supreme Court in

15  petitioner's opening brief in his direct appeal.  Exhibit 64.  None of petitioner's other present claims

16  were raised on direct appeal.  Petitioner's *pro se* opening brief in his appeal from the denial of his

17  state petition for writ of habeas corpus consists of eleven sentences, each stating an issue for review,

18  and a brief procedural history.  Exhibit 103. These eleven sentences correspond directly to the

19  grounds (1)(b) through (11) of the present federal petition.  However, petitioner's *pro se* opening

20  brief on appeal does not contain the extensive supporting facts petitioner now alleges in support of

21  each claim in his federal petition.  Rather, as respondents argue, the *pro se* appellate brief presents

22  the bare claims without any supporting facts or argument.  *Id*.  The opening brief on appeal filed by

23  appointed counsel  raises only two issues and these are not issues raised in the *pro se* brief.

24  Respondents thus argue that petitioner has failed to present the factual and legal basis for his present

25  claims (1)(b) through (11) to the Nevada Supreme Court and has failed to exhaust those claims.

26

1    Although he has filed an opposition to respondents' motion to dismiss, petitioner does not

2    address respondents' argument that he has not presented the factual and legal support for eleven of

3    his twelve present claims to the Nevada Supreme Court.  This court finds that respondents' argument

4    is meritorious and that petitioner has not presented the factual and legal basis of grounds (1)(b)

5    through (11) to the Nevada Supreme Court.

6    This court will not generally consider unexhausted claims to be exhausted on the ground that

7    the state courts will not consider the claims, i.e., the state court would find that the claims were

8    procedurally defaulted.  This is because Nevada courts may excuse procedural bars of untimely or

9    successive filings if a petitioner shows good cause and prejudice. Nev.Rev.Stat. §§ 34.726(1),

10   34.810(3).   Accordingly, the court finds that a Nevada state remedy is still available to petitioner

11   and  returning to state court is not futile.

12   In light of the foregoing, the court finds grounds (1)(b) through (11) of the petition are

13   unexhausted in state court.  Consequently, the court finds the petition in this action to be a "mixed"

14   petition -- one containing both claims exhausted in state court and claims not exhausted in state

15   court.  As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the

16   unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982);  *Szeto v. Rusen*, 709 F.2d

17   1340, 1341 (9th Cir.1983).

18   In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon

19   the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims.

20   The *Rhines* Court stated:

21               [S]tay and abeyance should be available only in limited circumstances.
             Because granting a stay effectively excuses a petitioner's failure to present
22           his claims first to the state courts, stay and abeyance is only appropriate
             when the district court determines there was good cause for the
23           petitioner's failure to exhaust his claims first in state court.  Moreover,
             even if a petitioner had good cause for that failure, the district court would
24           abuse its discretion if it were to grant him a stay when his unexhausted
             claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An
25           application for a writ of habeas corpus may be denied on the merits,
             notwithstanding the failure of the applicant to exhaust the remedies
26           available in the courts of the State").

7

1    *Rhines*, 544 U.S. at 277.

2         Because the petition is mixed, the court will grant the motion to dismiss in part, and deny it

3    in part.  However, in view of *Rhines*, before the court determines how to handle petitioner's mixed

4    petition, the court will grant petitioner an opportunity to show good cause for his failure to exhaust

5    his unexhausted claims in state court, and to present argument regarding the question whether or not

6    his unexhausted claims are plainly meritless.  Respondent will be granted an opportunity to respond,

7    and petitioner to reply.

8         Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims

9    by filing with the court a sworn declaration of abandonment, signed by the petitioner, himself.

10        **IT IS THEREFORE ORDERED** that respondents' motion to dismiss is **GRANTED IN**

11   **PART AND DENIED IN PART**.  (Docket #19.)  The court finds grounds 1(b) through (11) to be

12   unexhausted in state court.

13        **IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of

14   entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court,

15   and to present argument regarding the question whether or not his unexhausted claims are plainly

16   meritless.  Respondents shall thereafter have twenty-one (21) days to respond.  Petitioner shall

17   thereafter have fourteen (14) days to reply.

18        **IT IS FURTHER ORDERED** that alternatively, petitioner may advise the court of his

19   desire to abandon the unexhausted claims by filing a sworn declaration of abandonment, signed by

20   the petitioner, himself.  This declaration shall be filed within the thirty (30) days allowed to show

21   cause for non-exhaustion.

22

23        DATED this 2nd day of December, 2010.

24

25        *Edward C. Reed.*
          _____
          UNITED STATES DISTRICT JUDGE

26