UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAGDALENO GALLEGOS, | ) | |
| Petitioner, | ) | 3:09-cv-00459-ECR-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, *et al.,* | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The case proceeds on the petition filed on October 2, 2009. (ECF No. 7.) Respondents have filed an answer to the petition. (ECF No. 30.) The case is before the court for resolution on the merits.

**I. Background and Procedural History**

On July 30, 2003, the Second Judicial District Court ("District Court") entered a judgment of conviction against petitioner pursuant to a jury verdict. (Exhibits to Mot. to Dismiss Ex. 43.)[1] Petitioner was found guilty of two counts of lewdness with a child under the age of fourteen years, and two counts of sexual assault on a child under the age of fourteen. (*Id*.) For the two counts of

---
[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 20-23.

1  lewdness with a child under the age of fourteen years, petitioner was sentenced to two terms of life
2  with the possibility of parole after ten years, to be served concurrently with one another. (*Id*.) For
3  the two counts of sexual assault on a child under the age of fourteen, petitioner was sentenced to two
4  terms of life with the possibility of parole after twenty years, to be served concurrently with one
5  another and consecutively to the terms imposed for the lewdness convictions. (*Id*.)

6  On July 31, 2003, petitioner filed his notice of direct appeal. (*Id*. Ex. 46.) On June 14, 2004,
7  the Nevada Supreme Court issued its order affirming petitioner's conviction. (*Id*. Ex. 68.)
8  Remittitur issued on July 12, 2004. (*Id*. Ex. 69.)

9  On May 17, 2005, petitioner filed a post-conviction petition in state District Court. (*Id*. Ex.
10  75.) Counsel was appointed to represent petitioner in his post-conviction proceedings. (*Id*. Ex. 77.)
11  On April 17, 2007, petitioner's counsel filed a notice informing the state court that no supplement to
12  the petition would be filed. (*Id*. Ex. 80.)

13  On April 3, 2006, while his post-conviction petition was pending in state court, petitioner
14  initiated a federal habeas action in this court seeking relief on the same issues raised in his state
15  action. *See Gallegos v. State of Nevada*, 3:06-cv-00182-LRH-RAM. On August 22, 2006, this court
16  dismissed petitioner's action without prejudice due to lack of exhaustion. (*Id*. ECF No. 13.)

17  On May 16, 2007, without holding an evidentiary hearing, the state District Court entered an
18  order denying the post-conviction petition. (*Id*. Ex. 83.) Petitioner filed a notice of appeal on June
19  11, 2007, and a *pro se* opening brief on October 16, 2007. (*Id*. Ex. 88, Ex. 103.) Counsel was
20  appointed to represent petitioner on appeal. (*Id*. Ex. 104, Ex. 105, Ex. 106.) Appointed counsel
21  filed an opening brief on September 4, 2008. (*Id*. Ex. 113.) The Nevada Supreme Court issued its
22  notice of affirmance on July 31, 2009. (*Id*. Ex. 116.) Remittitur issued on September 1, 2009. (*Id*.
23  Ex. 117.)

24  Petitioner initiated this federal habeas corpus action on August 18, 2009. (ECF No. 1.)[2] On

---

[2] On page three of his petition, petitioner sets forth a claim for relief identified as ground one. That ground for relief is identified hereinafter as ground (1)(a). On page eight of the petition, petitioner sets forth another claim for relief identified as ground one. That claim is identified hereinafter as ground

December 2, 2010, the court issued an order granting in part and denying in part respondents' motion to dismiss.  (ECF No. 27.)  The court concluded that grounds 1(b) through 11 were unexhausted.  (*Id*.)  After petitioner elected to abandon his unexhausted claims (ECF No. 28), the court dismissed grounds 1(b) through 11 and ordered respondents to answer ground 1(a), the only remaining ground for relief (ECF No. 29).  On January 13, 2011, respondents filed their answer.  (ECF No. 30.)

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent."  *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court

---

(1)(b).

3

1 precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct
2 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that
3 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,
4 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more
5 than merely incorrect or erroneous; the state court's application of clearly established federal law
6 must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision.  *See Ylst v.Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).  Moreover, "a determination of a factual issue made by a state court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**III. Discussion**

In ground 1(a), petitioner claims that the reasonable doubt instruction given at his trial impermissibly reduced the state's burden of proof in violation of due process of law.

The following instruction was giving to the jury with respect to reasonable doubt:

> A reasonable doubt is one based on reason.  It is not mere possible doubt, but is doubt as would govern or control a person in the more weighty affairs of life.  If the minds of the jurors, after the entire comparison and consideration of all evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt.  Doubt to be reasonable, must be actual, not a mere possibility or speculation.

(Exhibits to Mot. to Dismiss Ex. 38, Instruction No. 14.)

In addressing this issue, the Nevada Supreme Court stated:

> Gallegos claims that the jury instruction on reasonable doubt given at his trial was unconstitutional.  He concedes that the instruction was the one prescribed by NRS 175.211 and that the statute does not permit any other definition of reasonable doubt to be given to the jury.  As Gallegos notes, this court would prefer that the Legislature adopt a different definition which does not describe reasonable doubt as the kind that governs a person in life's "more

4

> weighty affairs." Because the Legislature has not changed the statute, Gallegos argues that this court should declare the "more weighty affairs" language unconstitutional. We disagree. We have held that there is no reasonable likelihood that a jury applied this language unconstitutionally where the jury was also instructed concerning the presumption of innocence and the State's burden of proof. The jury in this case was so instructed. We therefore conclude that the instruction did not violate due process.

(Exhibits to Mot. to Dismiss Ex. 68) (footnotes omitted).

The constitutionality of a reasonable doubt jury instruction depends on "'whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet' the requirements of due process." *Ramirez v. Hatcher*, 136 F.3d 1209, 1211 (9th Cir.1998) (quoting *Victor v. Nebraska*, 511 U.S. 1, 6 (1994)). In this case, the reasonable doubt instruction used at petitioner's trial is nearly identical to the instruction challenged in *Ramirez*. In *Ramirez*, the Ninth Circuit Court of Appeals criticized the instruction, but nonetheless upheld it as constitutional. *Ramirez*, 136 F.3d at 1214-15; *see also Nevius v. McDaniel*, 218 F.3d 940, 944-45 (9th Cir. 2000). Therefore, the law in the Ninth Circuit forecloses habeas relief based on the reasonable doubt jury instruction petitioner challenges here.

Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, this court will deny habeas relief as to ground 1(a).

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court;s

5

assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF No. 7) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 11th day of September, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE